UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LORAD, LLC, *d/b/a* Diversified Fall Protection,  Plaintiff, v. AZTECA MILLING L.P.,  Defendant. | Case No. 1:20-cv-00357  JUDGE BRIDGET MEEHAN BRENNAN  **OPINION AND ORDER** |

Lorad, LLC *d/b/a* Diversified Fall Protection ("DFP" or "Plaintiff"), an Ohio manufacturer and seller of custom safety equipment, filed suit against Azteca Milling, L.P. ("Azteca" or "Defendant"), a Texas food manufacturer and buyer. (Doc. No. 1.) Azteca answered and filed counterclaims against DFP. (Doc. No. 11.) Each party moved for summary judgment. (Doc. Nos. 23 & 27.)

In Section IV of Azteca's reply brief in support of its motion for summary judgment, Azteca argued that if the Uniform Commercial Code ("UCC") applies to the parties' transaction, then DFP's claims are time-barred under Ohio Rev. Code § 1302.98. (*See* Doc. No. 34 at PageID# 1422.) DFP filed a motion to exclude that argument on the grounds that it was raised for the first time on reply and had not been a basis on which Azteca moved for summary judgment. (Doc. No. 35 ("Motion to Exclude").) Azteca responded:

> Azteca does not contest that an argument cannot be raised for the first time in a reply brief. Azteca's argument in its reply brief addressing the fact that DFP's claims *may potentially be* time barred (if in fact the transaction at issue is governed by Ohio Rev. Code § 1302.98) *was merely intended to highlight the absurdity of DFP's position* that this action is in fact governed by Ohio Rev. Code § 1302.98. As set forth in its briefing, *Azteca wholly contests that Section 1302.98 governs* the transaction at issue.

(Doc. No. 36 at PageID# 1460 (emphases added).)

Azteca's statute of limitations defense to DFP's claims is rejected and excluded for three distinct reasons. First, Azteca retreated from that timeliness challenge when it asserted in response to the Motion to Exclude that the statute of limitations found in § 1302.98 does *not* apply here. (*Id.*) Regardless of whether Azteca is correct or incorrect about whether this action is governed by Ohio's UCC statute of limitations in § 1302.98, Azteca cannot prevail on a limitations defense that Azteca itself argues does not apply.

Second, Azteca appears to have conceded that it raised a new ground for summary judgment for the first time on reply. (Doc. No. 36 at PageID# 1460.) *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief-they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." (quoting *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)); *Denman v. Youngstown State Univ.*, 545 F. Supp. 2d 671, 680-81 (N.D. Ohio 2008) (declining to consider new grounds for summary judgment first raised on reply).

Third, "[u]nder Ohio law as well as under the Federal Rules of Civil Procedure, the statute of limitations is an affirmative defense which must be pleaded as such." *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1293 (6th Cir. 1974) (holding that failure to plead a limitations defense or raise it promptly amounted to waiver); *see also Pavicic v. Micro Lapping & Grinding Co.*, 12 F.3d 214, 1993 WL 498215, at *7-8 (6th Cir. 1993); *Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers-Loc. 1603 v. Transue & Williams Corp.*, 879 F.2d 1388, 1396 n.3 (6th Cir. 1989). "Thus, in a diversity case a state statute of limitations, for instance, must be followed, as well as a state rule determining when such an affirmative defense is considered waived. In both cases the state rules embody important substantive policies that

transcend their role in judicial administration." *Miller v. Davis*, 507 F.2d 308, 313 n.7 (6th Cir. 1974); *see also Hayden*, 497 F.2d at 1294. Ohio courts hold that a statute of limitations defense must be pled or promptly raised; it may not be raised for the first time in a motion for summary judgment. *See Mills v. Whitehouse Trucking Co.*, 320 N.E.2d 668, 671 (Ohio 1974); *Taylor v. Meridia Huron Hosp. of Cleveland Clinic Health Sys.*, 754 N.E.2d 810, 811 (Ohio Ct. App. 8th Dist. 2000); *cf. Shamrock v. Cobra Res., LLC*, 191 N.E.3d 1197, 1211 (Ohio Ct. App. 11th Dist. 2022) (holding that "a party may not oppose a motion for summary judgment by raising a new affirmative defense in its opposition to summary judgment").

DFP initiated this case in February 2020. (Doc. No. 1.) Azteca initially moved to dismiss for lack of personal jurisdiction and eventually answered the complaint in February 2021. (Doc. No. 11.) While Azteca pled a number of affirmative defenses, the statute of limitations was *not* one of them. (*See* Doc. No. 11 at PageID# 253-55.) The reply brief in which Azteca first espoused the notion that DFP's claims were time-barred was filed in March 2022 – over two years since the case had been pending. (Doc. No. 34.) By that point, this unpled defense was waived or forfeited.

For the reasons above, DFP's Motion to Exclude (Doc. No. 35) is granted.

**IT IS SO ORDERED.**

Date: March 20, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE